IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**     CR 02-26-BR
                                  (CV 05-696-BR)
    **Plaintiff,**
                                  OPINION AND ORDER
v.

**NORA LUZ SERRATO,**

    **Defendant.**


**KARIN J. IMMERGUT**
United States Attorney
**CRAIG J. CASEY**
**JAMES MAHER**
Assistant United States Attorneys
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1117

**VESPER MEI**
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, DC 20044

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEVEN T. WAX**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Defender
101 SW Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant Nora Luz Serrato's Motion to Enforce Judgment or, in the Alternative, to Vacate, Set Aside, or Correct Sentence (#72) and Motion to Consolidate this matter (#71) with *Serrato v. Federal Bureau of Prisons*, CV 05-481-BR.

For the reasons that follow, the Court **DENIES** Serrato's Motion to Enforce Judgment or, in the Alternative, to Vacate, Set Aside, or Correct Sentence and **DENIES as moot** Serrato's Motion to Consolidate.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

### I. Facts Related to Serrato

On May 5, 2003, Serrato entered a guilty plea for Possession of Methamphetamine with the Intent to Distribute without a plea agreement.  On October 17, 2003, this Court sentenced Serrato to 37 months and recommended the Bureau of Prisons (BOP) place

2 - OPINION AND ORDER

Serrato in the Intensive Corrections Center "boot-camp" program.

On November 17, 2003, the Regional Director for the BOP informed the Court that Serrato was being designated to serve her term of imprisonment at Federal Correctional Institution in Dublin, California (FCI Dublin). To be eligible for direct commitment to the boot-camp program, the Director informed the Court that Serrato would have to be serving a term of imprisonment greater than 12 months but less than 30 months. In light of Serrato's sentence at that time, the Director advised Serrato would not be considered for transfer to boot-camp until she was 24 months from release. On September 10, 2004, therefore, the Court resentenced Serrato to 30 months imprisonment and amended its Judgment accordingly.

The BOP designated Serrato to FCI Dublin for service of her sentence, and Serrato voluntarily surrendered at FCI Dublin on November 5, 2004.

On November 17, 2004, Serrato met with Linda Rodriguez, her case manager at FCI Dublin, for a program review. At that review, Rodriquez advised Serrato that she "may be eligible for [the] ICC Program" because her sentence had been reduced to 30 months. On November 22, 2004, however, Rodriquez informed Serrato that the boot-camp program was being disbanded and was no longer accepting referrals. In any event, the BOP never gave Serrato any notice, either written or oral, that she had been

accepted into the federal boot-camp program or was eligible for a reduction of sentence. Currently, the BOP is considering Serrato for placement in a state contract boot-camp program, which, if she successfully completed it, would entitle her to all of the benefits that would have accompanied successful completion of the federal boot-camp program.

## II. Facts Related to the Boot-Camp Program

On November 29, 1990, Congress enacted 18 U.S.C. § 4046(a), which provides in pertinent part:

> The Bureau of Prisons may place in a shock incarceration program any person who is sentenced to a term of imprisonment of more than 12, but not more than 30, months, if such person consents to that placement.

Although Congress did not appropriate funds specifically for the boot-camp program, the BOP funded the boot-camp program in the past with lump-sum congressional appropriations designated "for expenses necessary for the administration, operation, and maintenance of Federal penal and correctional institutions."

In April 1996, the BOP published its first interim rules regarding the boot-camp program, which set out the scope of the program, eligibility and placement factors, requirements for program success, and other institutional components.

In Fiscal Year 2004, the BOP experienced a shortfall of $150,000,000. As a result of the budget shortfall and studies that led the BOP to conclude the boot-camp program was not

effective in reducing recidivism, the BOP decided to phase out the boot-camp program. On January 14, 2005, BOP Director Harley Lappin issued a memorandum to all federal judges, chief probation officers, public defenders, and United States attorneys in which the BOP advised it was no longer offering the boot-camp program "effective immediately." Lappin noted inmates "currently enrolled in the program will be allowed to complete it . . . . However, no new classes . . . will be offered."

Currently the BOP is not screening any inmates for the boot-camp program, and the last class of boot-camp is scheduled to end May 16, 2005.

### SERRATO'S MOTION TO ENFORCE JUDGMENT OR, IN THE ALTERNATIVE, TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

On April 7, 2005, Serrato filed a Motion to Enforce Judgment or, in the Alternative, to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which she alleges the government violated her constitutional and statutory rights by failing to allow her to enter the boot-camp program. Serrato specifically alleges: (1) the BOP's termination of the boot-camp program violates Article I, § 7, of the United States Constitution; (2) the BOP acted beyond its statutory authority when it terminated the boot-camp program; (3) the BOP's termination of the program constituted a substantive rule change subject to

5 - OPINION AND ORDER

notice and comment under the Administrative Procedures Act (APA); and (4) the BOP's failure to allow Serrato to enter the boot-camp program violated the *Ex Post Facto* Clause of the United States Constitution.

Serrato moves the Court: (1) to declare the BOP's termination of the boot-camp program was unlawful; (2) to order the BOP to administer the boot-camp program; (3) to order the BOP to transfer Serrato to a boot-camp facility; or (4) in the alternative, to issue an order vacating Serrato's sentence and resentencing her to a reduced period of incarceration with conditions of supervised release to achieve a sentence similar to the one that she would have been eligible for through participation in the boot-camp program.

On May 16, 2005, the government filed a Response to Serrato's Motion in which it contends (1) Serrato's challenge to her sentence cannot be raised pursuant to § 2255 and (2) Serrato may only bring such a challenge pursuant to 28 U.S.C. § 2241 in the District Court for the Northern District of California where she is incarcerated.

## **Standards**

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the

custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864
(9th Cir. 2000)(citations omitted).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of [this Court's] jurisdiction, because the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255. In particular, a habeas petition filed pursuant to § 2241 must be heard in the custodial court." *Hernandez*, 204 F.3d at 865.

## Discussion

In its Response to Serrato's Motion, the government emphasizes that Serrato contends the execution of her sentence is unlawful; *i.e.*, Serrato does not assert her conviction or actual sentence is unlawful. Thus, the government argues Serrato can bring this claim only under § 2241 and in "the custodial court."

**I.   Section 2255**

    **A.   The Law**

        28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the

sentence.

* * *

> If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Errors of law or fact do not provide a basis for collateral attack under § 2255 unless the alleged error "constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). To challenge the execution of her sentence under § 2255, Serrato must establish this Court relied at least in part on "misinformation of a constitutional magnitude" when it imposed the sentence she is now serving. *United States v. Tucker*, 404 U.S. 443, 447-48 (1972).

**B. Serrato May Not Bring Her Motion Pursuant to § 2255.**

Serrato contends it is appropriate to bring her Motion under § 2255 because this Court's presumed reliance on information that Serrato could participate in the boot-camp program was reliance on misinformation of a constitutional magnitude. The Court disagrees.

In *Addonizio*, the district court sentenced the petitioner to ten years imprisonment. 442 U.S. at 180. When the court imposed the sentence, it expected "exemplary institutional behavior" by the petitioner would lead to early release when the petitioner became eligible for parole. *Id*. Three years after the petitioner was sentenced, however, the Parole Commission changed its policies and began considering the gravity of the offense of conviction to be a significant factor in determining whether to grant parole. *Id*. at 182. After the Parole Commission twice denied the petitioner parole due to the serious nature of his offense, the petitioner filed a motion for resentencing pursuant to § 2255. *Id*. The district court allowed the petitioner's motion under § 2255, and the Third Circuit affirmed. The Supreme Court, however, determined the petitioner's motion could not be brought under § 2255. *Id*. at 188. The Court reasoned the change in the Parole Commission's policy, which occurred after the petitioner was sentenced, "affected the way in which the court's judgment and sentence

9 - OPINION AND ORDER

would be performed but it did not affect the lawfulness of the judgment itself - then or now."  *Id*. at 187.

Serrato, like the petitioner in *Addonizio*, does not allege the sentence imposed by this Court was unlawful.  Instead, Serrato contends the BOP's cancellation of the boot-camp program affects the way the sentence imposed by the Court will be performed.  Although Serrato does not distinguish *Addonizio*, she relies on a number of other cases to support her contention that her Motion is appropriate under § 2255.  *See, e.g., United States v. Johnson*, 125 S. Ct. 1571 (2005); *United States v. Tucker*, 404 U.S. 443 (1972); *Glover v. United States*, 531 U.S. 198 (2001).  Serrato also cites a number of cases in the Ninth Circuit that involved petitioners' challenges under § 2255 to the BOP's discontinuation of a drug-treatment plan and a community-confinement program.  The Court, however, finds these cases are distinguishable.

In *Johnson*, the petitioner received an enhanced sentence on a federal conviction based on several prior state court convictions arising from guilty pleas.  125 S. Ct. at 1576. After petitioner was sentenced, the state court convictions were overturned on the basis of ineffective assistance of counsel. *Id*.  The petitioner filed a motion to vacate the enhanced portion of his federal sentence under § 2255.  The Court allowed the petitioner to bring his motion pursuant to § 2255 on the ground

that the district court had relied on misinformation of a constitutional magnitude; *i.e.*, relied on state court convictions that ultimately were deemed defective due to ineffective assistance of counsel.[1]  *Id*. at 1578.  The Court noted prior cases in which it held "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated."  *Id*. at 1577-78 (citing *Custis v. United States*, 511 U.S. 485 (1994), and *Daniels v. United States*, 532 U.S. 374 (2001)).

In *Tucker*, the petitioner was convicted of armed bank robbery and sentenced to 25 years imprisonment based in large part on the petitioner's three prior felony convictions. 404 U.S. 443, 444 (1972).  Several years later, another district court determined two of the petitioner's prior felony convictions resulted from proceedings in which the petitioner was unrepresented by counsel, and, therefore, these convictions were constitutionally invalid.  *Id*. at 445.  The petitioner filed a motion under § 2255 to be resentenced.  The Supreme Court affirmed the Court of Appeals decision to remand the case to the district court for resentencing on the ground that the district court based the petitioner's original sentence in part on the

---

[1] In the end, however, the Court affirmed the Eleventh Circuit Court of Appeals decision to decline jurisdiction under § 2255 on the ground that the petitioner had not filed his motion within the § 2255 statute-of-limitations period.

11 - OPINION AND ORDER

petitioner's prior unconstitutional convictions, which constituted reliance on "misinformation of a constitutional magnitude." *Id*. at 591-92.

In *Glover*, petitioner was convicted of labor racketeering, money laundering, and tax evasion. 531 U.S. 198, 200 (2001). The sentencing court ruled the money-laundering counts should not be grouped with the petitioner's other offenses for purposes of sentencing. *Id*. The petitioner appealed his sentence to the Seventh Circuit Court of Appeals, but he did not raise the grouping issue. *Id*. at 201. After oral argument on the petitioner's appeal, the Seventh Circuit held money-laundering counts could be grouped with other offenses under the sentencing guidelines in some circumstances. *Id*. The Seventh Circuit, however, rejected the petitioner's appeal on other grounds and affirmed his convictions and sentence. *Id*. The petitioner then filed a motion to correct his sentence under § 2255 and alleged the failure of counsel to "press the grouping issue" constituted ineffective assistance of counsel. *Id*. The district court and Seventh Circuit both denied the petitioner's motion, and the petitioner appealed to the Supreme Court. *Id*. The Supreme Court did not address whether the petitioner could bring his action pursuant to § 2255. Because the petitioner, like the petitioner in *Johnson*, alleged ineffective assistance of counsel at sentencing, however, it is likely that the Court

assumed the petitioner's motion was appropriately brought under § 2255 because the kind of error alleged by the petitioner was of constitutional magnitude. Accordingly, the petitioner's claim appears to fit the criteria under *Addonizio* for a § 2255 action.

In summary, *Johnson*, *Tucker,* and *Glover* involve claims of ineffective assistance of counsel during trial, at sentencing, or in prior proceedings, and assertions that the ineffective assistance of counsel led to errors of constitutional magnitude when the courts imposed the petitioners' sentences. Here, however, Serrato does not allege ineffective assistance of counsel at the time of her plea or conviction nor does she allege errors of a constitutional magnitude that occurred either before or at the time of her sentencing. In any event, the Court was not misinformed regarding the availability of the boot-camp program at the time of imposing sentence.

Serrato also cites a number of cases in the Ninth Circuit that involve the BOP's discontinuation of the drug-treatment plan for certain classes of offenders. All of these cases, however, were brought pursuant to § 2241. *See, e.g., Gunderson v. Hoo*d, 268 F.3d 1149 (9th Cir. 2001); *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997); *Davis v. Crabtree*, 109 F.3d 566 (9th Cir. 1996); *Downey v. Crabtree*, 100 F.3d 662 (9th Cir. 1996); *Goldings v. Winn*, 383 F.3d 17 (1st Cir. 2004); *Bohner v. Daniels*, 243 F. Supp. 2d 1171, 1179 (D. Or. 2003).

13 - OPINION AND ORDER

Finally, Serrato relies on *Pearson v. United States*, 265 F. Supp. 2d 973 (E.D. Wis. 2003), and *Smith v. United States*, 277 F. Supp. 2d 100 (D. D.C. 2003), to support her contention that this action may be brought under § 2255. Both of these cases involved the BOP's withdrawal of a community-confinement program after the courts sentenced the petitioners with the expectation that they would serve their time in the community-confinement program. Both courts held the petitioners properly filed their motions pursuant to § 2255. The Third Circuit, however, later rejected the reasoning of *Pearson* and *Smith* regarding the district court's jurisdiction under § 2255 as contrary to *Addonizio*. *See United States v. Eakman,* 378 F.3d 294 (3d Cir. 2004). The Third Circuit explained:

> [Courts] have attempted to distinguish *Addonizio* on the basis that petitioners in those cases have expressly asserted a constitutional basis for their collateral attacks, while the prisoner in *Addonizio* failed to articulate such a basis for his claim . . . . [T]hat distinction [is] problematic. Surely those cases cannot suggest that *Addonizio* added a heightened pleading standard to Section 2255 motions . . . . Section 2255 certainly does not contain such a require-ment.

*Id*. at 299-300 (citing *Pearson*, 265 F. Supp. 2d at 980, and *Smith*, 277 F. Supp. 2d at 107-08). This Court agrees with the reasoning of the Third Circuit.

The Court, therefore, finds this case to be analogous to *Addonizio; i.e.,* Serrato's sentence was lawful, and this Court

14 - OPINION AND ORDER

did not base Serrato's sentence on misinformation of a constitutional magnitude. Accordingly, the Court concludes Serrato cannot bring her present claims under § 2255.

**II. Section 2241**

    **A.    The Law**

As noted, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)(citations omitted).

    **B.    This Court Lacks Jurisdiction over Serrato's Claim Even If Brought under § 2241.**

In further support of her contention that she may bring her Motion pursuant to § 2255, Serrato relies on *Iacaboni v. United States*, 251 F. Supp. 2d 1015 (D. Mass. 2003).

In *Iacaboni*, the district court sentenced the petitioners to imprisonment and recommended the petitioners serve their sentences in community confinement. *Id*. at 1017. The BOP adopted the court's recommendation, and the petitioners began serving their sentences in halfway houses. "Weeks or months" after sentencing, the BOP determined it was unlawful to place inmates in community corrections facilities to serve sentences of imprisonment. *Id*. at 1017. The BOP's decision was retroactive,

and the BOP, therefore, scheduled the petitioners to be transferred to prison. The petitioners filed motions pursuant to § 2255 in which they requested the court to maintain the petitioner's placements in community-confinement facilities. *Id*. The district court granted the petitioners' requests for relief and enjoined the BOP from transferring the petitioners to prison. *Id*. at 1045.

Serrato contends *Iacaboni* stands for the principle that a district court may vacate or alter a petitioner's sentence pursuant to § 2255 for events that occur after sentencing that undermine the expectation of the court at the time of sentencing.

Serrato, however, fails to note the *Iacaboni* court construed the claims that petitioners brought under § 2255 as brought pursuant to § 2241 to the extent it was necessary to obtain the relief sought by the petitioners. *Iacaboni*, 251 F. Supp. 2d at 1017, 1043 n.1 and n.12. In addition, as noted, a petition filed pursuant to § 2241 must be heard in the custodial court, and, accordingly, the *Iacaboni* petitioners filed their petitions in the District of Massachusetts where they were incarcerated. *Id*. at 1018. The *Iacaboni* court, therefore, had jurisdiction to decide the petitioners' requested relief under § 2241.

Although Serrato is incarcerated at FCI Dublin in California, she brought this claim in Oregon. Thus, even if this

Court were to construe Serrato's claims as brought under § 2241, this Court would not have jurisdiction to adjudicate such claims.

Accordingly, the Court concludes it lacks jurisdiction over this matter because Serrato must bring her claim based on the allegedly unlawful execution of her sentence under § 2241 in the Northern District of California where she is incarcerated.

## MOTION TO CONSOLIDATE

Because the Court concludes it does not have jurisdiction over this matter, the Court denies Serrato's Motion to Consolidate as moot.

## CONCLUSION

For these reasons, the Court **DENIES** Serrato's Motion to Enforce Judgment or, in the Alternative, to Vacate, Set Aside, or Correct Sentence (#72) and **DENIES as moot** Serrato's Motion to Consolidate (#71) this matter with *Serrato v. Federal Bureau of Prisons*, CV 05-481-BR. Accordingly, the Court **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 14th day of July, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

18 - OPINION AND ORDER